William 0. Hecht, Jr., J.
This action was brought by a stockholder of defendant, a Cuban corporation, pursuant to subdivision 2 of section 977-b of the Civil Practice Act. The complaint seeks the appointment of a permanent receiver to liquidate and distribute the New York assets of defendant.
Babinowitz & Boudin appeared as attorneys for defendant corporation. They were apparently authorized to do so by one Soto, who was appointed “ interventor ” of the corporation pursuant to Cuban law.
The present motion is by Arthur Goldstein to have himself substituted as attorney for the corporation. He has been authorized to represent the corporation by one Gutierrez, presently its president, who has held that office since the organization of the corporation.
The affidavits submitted do not furnish a sufficient basis for the court to determine exactly the legal effect of the various Cuban statutes, resolutions, and administrative directions. This can only be determined by the live testimony of experts on Cuban law, subject to cross-examination. Only after that determination is made on the basis of such testimony can the court decide the troublesome legal question as to whether the order of intervention is entitled to extra-territorial recognition in this jurisdiction in respect to rights of creditors to the New York assets.
It would be particularly inappropriate for the court to make such a decision on a motion of this character. The disposition of the motion might control the final adjudication in the action, since Gutierrez apparently supports the relief sought by plaintiff, while Soto opposes it.
Gutierrez has shown sufficient status as president of the corporation to entitle him to active participation in the action. Soto’s attorneys state that they have no objection to allowing Goldstein to intervene and participate as attorney for Gutierrez as President. He will be permitted to do so.
Soto has likewise shown sufficient status as ‘ ‘ interventor ’ ’ under Cuban law to entitle him to active participation in the action. However, the proof before me does not establish his sole right to represent the corportaion to the exclusion of *436 Gutierrez. His attorneys, Babinowitz & Boudin, may continue to participate in the action, but they may do so only in their capacity as attorneys for Soto as ‘ ‘ interventor ’ ’ not as attorneys for the corporation.
Until the trial court determines on proper proof whether Gutierrez or Soto is authorized to select attorneys for the corporation and to control the conduct of the action, both attorneys will be limited to representations as described above. If either attorney desires a separate trial as to whether Gutierrez or Soto is authorized to act on behalf of the corporation, prior to the trial of the main issue (Civ. Prac. Act, § 443, subd. 3), provision therefor may be made in the order to be submitted.
(On reconsideration and realignment, May 11, 1901.)
Arthur Goldstein, Esq., representing Viriato Gutierrez as president of defendant corporation, moved to be substituted as its attorney in this action, in place of Babinowitz & Boudin, who had heretofore appeared as its attorneys pursuant to designation by one Soto, its “ interventor ”, appointed pursuant to Cuban law. The court concluded that such a motion, which might be dispositive of the entire action, could not be disposed of on the affidavits submitted. Accordingly, the decision of April 12 (a) authorized Goldstein to intervene and participate in the action as attorney for Gutierrez as president; and (b) directed that Babinowitz & Boudin continue to participate in the action in their capacity as attorneys for Soto as “ interventor ”, not as attorneys for the corporation. The decision provided further that a separate trial might be ordered, prior to the trial of the main issue, as to whether Gutierrez or Soto is authorized to continue the litigation on behalf of the corporation.
Plaintiff objects to permitting intervention, on the ground that it would prejudice the early disposition of the action by depriving her of the preference to which she is entitled under subdivision 9 of section 977-b of the Civil Practice Act. She asks that the issue as to who is entitled to control this action on behalf of defendant corporation be referred to an Official Beferee, to promptly hear and report thereon.
Although plaintiff’s attorney was present on the original argument, that was a motion for substitution of attorneys. The proposal for intervention was not raised there, but was formulated by the court, under the ‘ ‘ other and further relief ’ ’ prayer, in the thought that this would be the best solution of the problem.
Upon the return day of plaintiff’s motion for reconsideration, Goldstein orally moyed for reargument.
*437 Goldstein argues that he has an absolute right to represent the corporation, to the exclusion of Babinowitz & Boudin, because he was retained by its president, and subdivision 3 of section 977-b of the Civil Practice Act, requires that service of the summons be made on an officer. This contention is not sound. If defendant corporation were incorporated in a sister State, and a court of that State had appointed a receiver therefor, he would have the sole right to represent the corporation here, to the exclusion of the president or any officer who might have been served with process. The difficulty in this case arises from the fact that we do not know whether Soto acquired, under Cuban law, an analogous status which is entitled to similar recognition by our courts. That is the issue upon which a separate trial was suggested. In the event that his argument for the sole right to represent the corporation be rejected, Goldstein likewise asks that the issue of fact as to who has such right be referred to an Official Beferce to promptly hear and report.
Babinowitz & Boudin contend that there is a mutuality of interest between plaintiff and Gutierrez and a concert of action between their respective attorneys. Their proposed order incorporated the court’s suggestion for a separate trial of the issue of authority. On the return date of the foregoing-respective motions for reconsideration and reargument, they urged that the Justice at Special Term, Part I take testimony as to who is the proper person to control the litigation on behalf of defendant corporation, in order to afford prompt disposition of the matter.
As previously indicated, the disposition for substitution might control the final adjudication in the action, since Gutierrez apparently supports the relief sought by plaintiff, while Soto opposes it. The right to control the litigation depends upon the legal effect of various Cuban statutes, resolutions and administrative directions, which can only be determined by the live testimony of experts on Cuban law, subject to cross-examination.
The answering affidavits convey some idea of the complexity of the problem and of the protracted hearing which will be required in order to ascertain the legal effect of the Cuban laws, which must be done as a prerequisite to the determination of the troublesome question of the effect to be given to such laws by this court.
So far as the court knows, no decision has been rendered in this State as to the meaning or legal effect of the Cuban laws *438 involved here, or of any similar laws. In Moscow Fire Ins. Co. v. Bank of New York & Trust Co. (161 Misc. 903) the private Referee was required to pass upon the effect of various Soviet statutes, resolutions and administrative directions. These had been the subject of many previous decisions of our courts. The record shows that he found it necessary to hold 28 hearings, extending from May through November, 1936. The testimony of experts on Soviet law covers close to 900 pages of the record, and 122 exhibits were introduced.
This is not the type of hearing which should be imposed on a Justice sitting in Special Term, Part I. Section 467 of the Civil Practice Act provides that ‘ The court, of its own motion, or upon the application of either party, without the consent of the other, likewise may direct a [compulsory] reference * * * to determine and report upon a question of fact arising in any stage of the action, upon a motion or otherwise, except upon the pleadings ”.
No Official Referee will be available to handle this matter until some time in the Fall. Even at that time it would be hard to justify imposing such a burden on our Official Referees who are fully occupied with disposition of matters wherein the litigants cannot afford the expense of a private reference. The fund which is in the custody of the temporary receiver here and which is the subject of this litigation is $1,800,000. In the interest of expedition, a private Referee will be appointed to determine and report on the question of fact as to Avhether Soto or Gutierrez is entitled to sole control over the conduct of this litigation on behalf of defendant corporation. The motions for reconsideration and reargument are granted to the extent indicated.